IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MAJDI ODEH,**

**Petitioner,**

**v.**

                                           **Civil Case No. 18-cv-155-DRH**
                                           **Criminal Case No. 14-cr-30177-DRH**

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM & ORDER

This matter is before the Court on petitioner Majdi Odeh's ("Odeh") motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 ("2255") (Doc. 1). The government filed a response in opposition of the motion (Doc. 18). Odeh then filed a reply to the government's response (Doc. 25). On December 19, 2018, because a great deal of overlap exists, the Court conducted a joint evidentiary hearing regarding both Qais Hussein ("Hussein") and Odeh's 2255 petitions. For the following reasons, Odeh's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

### I. Introduction and Background

On October 22, 2014 a grand jury indicted Odeh and Hussein with a four-count indictment (*USA v. Hussein et al.*, 14-cr-30177, (Doc. 1)). Count 1 of the indictment charged Odeh with conspiracy to unlawfully acquire Supplemental Nutrition Assistance Program ("SNAP") benefits, in violation of 18 U.S.C. § 371. *Id.* Count 2 and 3 charged aiding and assisting in the preparation and presentation of

a false tax return, in violation of 26 U.S.C. § 7206(2). *Id.* Count 4 charged trafficking in counterfeit goods, in violation of 18 U.S.C. §§ 2320(a) and 2. *Id.*

On May 11, 2015, Odeh pleaded guilty to all four counts, stipulating to losses to the Government of $1.6 million. The Court sentenced Odeh to 85 months while denying him a three-level reduction credit for acceptance of responsibility because he frivolously challenged the loss amount at issue. Odeh's direct appeal was dismissed because his Plea Agreement contained appellate waivers. *United States v. Odeh*, 832 F.3d 764, 765-68 (7th Cir. 2016), *cert.* denied, 137 S. Ct. 1106 (2/21/17).

After the dismissal of his appeal, Odeh filed his petition seeking relief under 2255 (Doc. 1). In his 2255 petition, Odeh raises four grounds as the basis for his relief: (1) voluntariness of plea; (2) challenging loss amount at sentencing; (3) ineffective assistance at sentencing; and, (4) ineffective assistance for not objecting to Hussein's motion to join Odeh's calculation of loss amount *Id.*

On December 19, 2018, the Court conducted a joint evidentiary hearing regarding both Hussein's and Odeh's 2255 petition.

## II. <u>Applicable Law</u>

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255 is an extraordinary remedy because it asks the district court "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, relief under Section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), as a collateral attack pursuant to Section 2255 is not a substitute for a direct appeal. *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007).

Thus, unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995). Further, a petitioner cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a Section 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the Section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Odeh claims his plea was involuntary and unknowing. The Seventh Circuit has held that "a guilty plea must be both a knowing and voluntary act." *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986). "To ensure this, Federal Rule of Criminal Procedure 11(d) requires that the trial judge ask the defendant specific questions concerning the voluntariness of the plea agreement. This questioning creates a record that can be used in future appeals and collateral attacks." *Id.*

Odeh raises various claims which he purports to be claims of ineffective assistance of counsel. Importantly, the Supreme Court has held that the usual procedural default rule does not generally apply to such claims inasmuch as, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States,* 538 U.S. 500, 504 (2003).

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696.

A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). To establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012).

### III. Application

All four of Odeh's grounds for relief are based on claims of ineffective assistance of counsel. The Supreme Court has held that:

> We apply the two-part *Strickland* test to ineffective assistance of counsel claims in the plea bargain context. *Frye*, 566 U.S. at 140, 132 S.Ct. 1399. First, the defendant must show deficient performance— "that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, the defendant must show prejudice – "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

*United States v. Jansen*, 884 F.3d 649, 656 (7th Cir. 2018).

In ground one, Odeh argues that his plea agreement was not knowing and voluntary because "he does not speak English and in the meeting with defense counsel regarding to the plea agreement, there was not an English-Arabic translator." (Doc. 1, p. 4). Odeh's assertions that he does not speak English and was not provided a translator is belied by the record. During the evidentiary

hearing, while on the witness stand, Odeh corrected the translator when she was speaking English. On another eight occasions, Odeh answered counsel's question before the translator translated the question. At one point, he spoke English in answering a question, caught himself, and began speaking to the translator in Arabic. At another point, when the Court reporter asked what the answer was, Odeh said "yes." Further, Mr. Fein, Odeh's attorney, testified credibly that Odeh insisted that no interpreter be used against Mr. Fein's advice. As such, the Court denies Odeh's request for relief under ground one.

In ground two, Odeh argues that his defense counsel rendered ineffective assistance of counsel because he did not provide Odeh with "adequate assistance in challenging the amount of loss alleged by the Government in the original plea agreement and reflected in the Pre-Sentence Report (PSR)." (Doc. 1, p. 5). Odeh further argues that "[d]efense counsel did not advise Movant about the high risk of a greater sentence, including obstruction of justice, denial of acceptance of responsibility . . .." *Id*.

The Court does not find as persuasive the above arguments because it was clear in his plea agreement and during the plea hearing that the agreement was not the last word on the sentence, including the loss amount, but that the Court would make the decision about all aspects of the sentence regardless of the parties' agreement. Additionally, a translator was available during the plea hearing and the Court confirmed with both Odeh and Hussein that the translation was understandable. Mr. Johnson, one of Odeh's attorneys, testified credibly that, if at

the plea hearing Odeh wanted to back out of the plea, he would have advised Odeh that it would have been a mistake but would have accepted that decision. As such, the Court denies Odeh's request for relief under ground two.

In ground three, Odeh argues that defense counsel "rendered ineffective assistance of counsel where [he] did not timely object, at sentencing hearing, the Government's material breach of the plea agreement. At sentencing, defense counsel should [have] objected the Government's assertion that Movant had breached the plea agreement by challenging the amount of loss, allowing [the] Judge's misapprehension . . .." (Doc. 1, p. 6).

The Court does not find as persuasive the above argument because it is not supported by the record. Attorney Bradshaw performed appropriately in the face of the problem with the accountants having insufficient information, which the Court finds was the responsibility of the criminal defendants. It is appropriate for a lawyer to give advice and, at the same time, rely on information supplied by a criminal defendant. As such, the Court denies Odeh's request for relief under ground three.

In ground four, Odeh argues that "[d]efense counsel rendered ineffective assistance of counsel where did not oppose to a Join[t] Motion filed by Movant's co-defendant and brother, challenging also the amount of loss in Count One." (Doc. 1, p. 8). Again, the Court does not find as persuasive this argument because, as previously mentioned, it was clear in Odeh's plea agreement and during the plea hearing that the agreement was not the last word on the sentence, including the loss

amount, but that the Court would make the decision about all aspects of the sentence regardless of what the parties' agreement. It is clear to the court that the two criminal defendants had "buyer' remorse" after the Court's findings on the loss amounts and the imposed sentences. As such, the Court denies Odeh's request for relief under ground four.

Accordingly, because Odeh failed to satisfy the two-part *Strickland* test, his four claims for ineffective assistance of counsel are denied.

## IV. Conclusion

For the reasons as discussed herein, Odeh's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, is **DENIED** (Doc. 1). Odeh's claims are **DISMISSED WITH PREJUDICE**. The Court shall not issue a certificate of appealability. Furthermore, the Clerk is instructed to close the file and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.12.20
13:11:04 -06'00'

United States District Judge